FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 10 2022

TAMMY H. DOWNS, CLERK
By: /s/ Brink Rosee
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LAURA TRULLINGER, individually and
on behalf of all others similarly situated                              PLAINTIFF

v.                      Case No. 3:22-CV-00137-KGB

CITY OF JONESBORO, ARKANSAS                                      DEFENDANT

## CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Laura Trullinger, individually and on behalf of all others similarly situated, by and through her attorney Chris Burks of WH LAW, for her Class and Collective Action Complaint against City of Jonesboro, Arkansas, they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a class action and a collective action brought by Plaintiff Laura Trullinger individually and on behalf of all other hourly-paid employees employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other hourly-paid employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra.*

This case assigned to District Judge Baker
and to Magistrate Judge Harris

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Northern Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

## III. THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff is a resident and citizen of Craighead County, Arkansas.

13. Plaintiff Laura Trullinger was employed by Defendant as an hourly-paid employee within the three years relevant to this lawsuit.

14. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

15. Defendant City of Jonesboro, Arkansas can be served via Mayor Harold Copenhaver, who can be served at 300 S. Church St., Jonesboro, AR 72401.

16. Defendant City of Jonesboro, Arkansas is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

17. During the time period relevant to this case, Plaintiff was employed by Defendant City of Jonesboro, Arkansas as an Emergency Dispatcher.

18. Defendant City of Jonesboro, Arkansas, has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

19. Defendant City of Jonesboro, Arkansas's annual gross volume of business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

## IV.   FACTUAL ALLEGATIONS

20. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

21. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as an hourly-paid employee.

22. Plaintiff and other hourly-paid employees regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

23. Plaintiff and other hourly-paid employees were classified as hourly employees and paid an hourly rate.

24. Plaintiff and other hourly-paid employees were paid higher rates known as shift differentials for working certain shifts.

25. Plaintiff and other hourly-paid employees also received compensatory time payments, or paid time off given to an employee instead of overtime pay, at a rate of less than time and a half their regular rate.

26. When calculating Plaintiff's and other hourly-paid employees' overtime pay, Defendant did not include the shift differential that the Plaintiff and other hourly-paid employees worked in the calculation of their base hourly rate for the purpose of the calculation of their overtime rate. Defendant also did not make compensatory time accrue at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required for Plaintiff and other hourly-paid employees.

27. Defendant violated the FLSA and AMWA, as set forth in Section 778.208 and Section 553.22 of Title 29 of the Code of Federal Regulations, by not including pay for the shift differentials that Plaintiff and other hourly-paid employees worked in their regular rate when calculating their overtime pay, and by not accruing compensatory time at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required.

28. Plaintiff worked for Defendant as an Emergency Dispatcher and Defendant's pay practices were the same for all hourly workers employed by the City of Jonesboro, Arkansas.

29. Defendant knew or showed reckless disregard for whether the way they paid Plaintiff and other hourly-paid employees violated the FLSA and AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

### A. FLSA § 216(b) Class

30. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

31. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

32. Plaintiff brings her FLSA claims on behalf of all hourly-paid employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

B. Liquidated damages; and

C. Attorneys' fees and costs.

33. The relevant time period dates back three years from the date on which Plaintiff's Class and Collective Action Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

34. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly rates;

C. They received shift differential payments for working certain shifts and/or compensatory time payments instead of overtime pay; and

D. They were subject to Defendant's common policy of failing to include incentivized higher rates of pay for shift differentials or when calculating overtime pay for hours worked over forty (40) hours per work week, and they received compensatory time pay at a rate of less than time-and-a-half according to the same common policy.

35. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 200 persons.

36. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses, and phone numbers of the FLSA collective action Plaintiff are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first class mail, email, and text message to their last known physical addresses, electronic mailing addresses, and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

B. **AMWA Rule 23 Class**

37. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

38. Plaintiff proposes to represent the class of hourly-paid employees who are/were employed by Defendant within the relevant time period within the State of Arkansas.

39. Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendant's failure to include shift differential and payments in its calculation of overtime pay, and failure to pay time and a half for compensatory time, Defendant paid members of the proposed class a lawful overtime wage in accordance with the AMWA.

40. Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

41. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

42. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 200 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

43. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

44. Concentrating the litigation in this forum is highly desirable because Defendant's Maumelle facility is based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

45. No difficulties are likely to be encountered in the management of this class action.

46. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as hourly-paid employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

47. Plaintiff and her counsel will fairly and adequately protect the interests of the class.

48. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

49. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

50. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

51. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

52. During the period relevant to this lawsuit, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

53. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

54. Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's act of paying the Plaintiff and other hourly-paid employees incentivized hourly wages at a higher rate for working certain shifts, and not including that pay in the calculation of the overtime rate for Plaintiff and other hourly-paid employees, as well as accruing compensatory time at less than time and a half their regular rate in lieu of paying overtime in certain weeks.

55. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

56. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

57. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

58. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

59. Plaintiff brings this collective action on behalf of all hourly-paid employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

60. Plaintiff bring this action on behalf of herself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

61. During the period relevant to this lawsuit, Defendant classified Plaintiff and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

62. Defendant's failure to properly pay overtime wages to Plaintiff and all similarly situated members of the FLSA collective stems from Defendant's act of paying the Plaintiff and other hourly-paid employees incentivized hourly wages at a higher rate for working certain shifts, and not including that pay in the calculation of the overtime rate for Plaintiff and other hourly-paid employees, as well as accruing compensatory time at less than time and a half their regular rate in lieu of paying overtime in certain weeks.

63. In the past three years, Defendant has employed hundreds of hourly-paid employees.

64. Like Plaintiff, these hourly-paid employees regularly worked more than forty (40) hours in a week.

65. Defendant failed to pay these workers at the proper overtime rate.

66.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each hourly-paid employee who, within the three years preceding the filing of this Complaint, received shift differential payments and/or compensatory time payments and worked more than thirty-nine (39) hours in any week.**

67.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

68.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

69.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

70.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

71.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

72.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

73. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

74. Defendant failed to pay Plaintiff all overtime wages owed as required under the AMWA.

75. Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's act of paying the Plaintiff incentivized hourly wages at a higher rate for working certain shifts, and not including that pay in the calculation of the overtime rate for Plaintiff, as well as accruing compensatory time at less than time and a half their regular rate in lieu of paying overtime in certain weeks.

76. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

77. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

78. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.   FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

79.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

80.   Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

81.   At all relevant times, Defendant has been and continues to be the "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

82.   Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

83.   Defendant failed to pay Plaintiff and members of the proposed class all overtime wages owed as required under the AMWA.

84.   Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's act of paying the Plaintiff and other hourly-paid employees incentivized hourly wages at a higher rate for working certain shifts, and not including that pay in the calculation of the overtime rate for Plaintiff and other hourly-paid employees, as well as accruing compensatory time at less than time and a half their regular rate in lieu of paying overtime in certain weeks.

85.   Plaintiff proposes to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

> **Each hourly-paid employee who, within the three years preceding the filing of this Complaint, received shift differential payments and/or compensatory time payments and worked more than thirty-nine (39) hours in any week.**

86. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

87. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

88. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Laura Trullinger respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A) That Defendant be required to account to Plaintiff, the class, and collective members, and the Court for all of the hours worked by Plaintiff and the class and collective members and all monies paid to them;

(B) A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C) A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(F) Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(H) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(I) An order directing Defendant to pay Plaintiff and members of the class and collective pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(J) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Laura Trullinger, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By:   *Chris Burks*
Chris Burks (ABN: 2010207)
chris@wh.law