IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**LAURA TRULLINGER, individually**
**and on behalf of all others similarly situated**                                **PLAINTIFF**

**v.**                               **Case No**.  **3:22-cv-00137 KGB**

**CITY OF JONESBORO, ARKANSAS**                                                   **DEFENDANT**

## ORDER

Before the Court is the parties' joint motion for preliminary approval of class settlement and notice to the settlement class ("Settlement Motion") (Dkt. No. 7).  The Court denies the motion without prejudice, subject to the parties' refiling the motion and addressing the issues the Court identifies below.

Plaintiff Laura Trullinger, individually and on behalf of all others similarly situated, filed this lawsuit alleging that defendant City of Jonesboro, Arkansas ("City"), violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq*. ("AMWA"), for failing to pay her adequately for overtime work (Dkt. No. 1, ¶¶ 20–27).  Ms. Trullinger's complaint requested that the Court certify a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and certify a class action for alleged AMWA violations pursuant to Federal Rule of Civil Procedure 23 (*Id.*, ¶ 31–37).  In the motion pending before the Court, Ms. Trullinger and the City claim that they have reached a settlement and seek Court approval to approve preliminarily the class settlement and notice to the settlement class (Dkt. No. 7, at 1).

Specifically, the parties request a Court order:

(1)   Certifying a class action under Arkansas Rule of Civil Procedure 23 for purposes of settlement including appointment of Chris Burks and Brandon Haubert of the WH Law PLLC law firm, as Class counsel;

    (2)    Granting preliminary approval of the settlement;

    (3)    Approving the Parties' proposed forms and methods of giving class members notice of the proposed settlement;

    (4)    Directing that notice be given to class members in the proposed forms and manner; and

    (5)    Setting a hearing on or about April 6, 2023, on whether the Court should grant final approval of the settlement, enter judgment, and award attorneys' fees and costs to Plaintiff and Class Counsel.

(Dkt. No. 7, at 1–2).

The parties' first request in their Settlement Motion presents a unique legal issue because it asks the Court to certify a class pursuant to a state rule of procedure despite the fact that, absent a congressional exception, the Federal Rules of Civil Procedure apply to all cases brought in federal court. Fed R. Civ. P. 1 (stating "these rules govern the procedure in the United States district courts in *all* suits of a civil nature." (emphasis added)); Fed. R. Civ. P. 23 (laying out the process for certifying a class action in federal district court lawsuits); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010) (citing Federal Rule of Civil Procedure 1 and *Califano v. Yamasaki,* 442 U.S. 682, 699–700 (1979), for the proposition that federal rules of procedure are applicable in all civil cases in federal district court).

The Court acknowledges that the FLSA has its own class certification or collective action process, separate and apart from Federal Rule 23. *See generally* 29 U.S.C. § 216(b); *Smith v. Frac Tech Servs., Ltd.*, Case No. 4:09-CV-679-JLH, 2009 WL 4251017, at *1 (E.D. Ark. Nov. 24, 2009). Only "Congress . . . can create exceptions to an individual [federal] rule [of procedure] . . . either by directly amending the rule or by enacting a separate statute overriding it in certain instances." *Shady Grove*, 559 U.S. at 400, 407 (discussing a New York statute which conflicted

with Federal Rule of Civil Procedure 23 and ruling that a federal district court sitting in diversity must apply the federal rule).

The parties contend that their Settlement Motion does not present any issues "[g]iven the overlap between claims arising under the FLSA and the AMWA, and the fact that the [Arkansas] Rule [of Civil Procedure] 23 standard is higher than the standard for certification of an opt-in class under the FLSA[.]" (Dkt. No. 7, at 3).  The contention that Arkansas Rule of Civil Procedure 23 has a higher standard for certification does not address or remedy the issue that this Court applying Arkansas state procedural rules runs afoul of the Federal Rules of Civil Procedure and United States Supreme Court precedent.  Fed R. Civ. P. 1; *Shady Grove*, 559 U.S. at 400.  Furthermore, the Court can find no exception, and the parties have identified no exception, whereby state procedural rules govern the certification of a class under the present circumstances.

Therefore, the Court denies the instant motion, just as the Court would have denied the same request had Ms. Trullinger moved to certify an AWMA class action pursuant to Arkansas Rule of Civil Procedure 23 at the outset of this case.

Furthermore, despite their confusing semantic similarities, the Court notes that there are "great" differences between class actions certified under Federal Rule of Civil Procedure 23 and collective actions brought pursuant to the FLSA.  *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 887–88 (N.D. Iowa 2008); *Lugo v. Farmer's Pride Inc.*, Case No. 07-cv-00749, 2008 WL 638237, at *2 (E.D. Pa. March 7, 2008) (explaining that "[c]lass actions and collective actions can often be confused with each other."); *Salazar v. Agriprocessors, Inc.*, 527 F. Supp. 2d 873, 877 (N.D. Iowa 2007) (observing "[a]t the outset, it is crucial to note the distinction between a FLSA *collective* action and a [Federal] Rule 23 class action.  The distinction is sometimes blurred.").  *See generally* Wright, Miller, & Kane, *Federal Practice and Procedure* § 1807 (3d ed.) (examining

the differences between [Federal] Rule 23 class actions and FLSA collective actions).  Plaintiffs in class actions certified under Federal Rule 23 are generally a member of the class unless they opt-out.  *See In re Piper Funds, Inc.,* 71 F.3d 298, 303–04 (8th Cir. 1995) (recognizing that plaintiffs have a right to opt out of a Federal Rule 23 class action).  Under § 216(b), plaintiffs must opt-in to become a member of the collective action.  29 U.S.C. § 216(b) (explaining that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").  There should be no doubt that the opt-in/opt-out distinction represents "a fundamental, irreconcilable difference between the class action described by [Federal] Rule 23 and that provided for by [the] FLSA."  *Schmidt v. Fuller Brush Co.,* 527 F.2d 532, 536 (8th Cir. 1975); *Woodard v. FedEx Freight E., Inc.*, 250 F.R.D. 178, 187 (M.D. Pa. 2008) (contending that Federal "Rule 23 is the antithesis of § 216(b).").

The Court acknowledges the unique challenges that arise when actions under state and federal law proceed in the same lawsuit through different class certification processes.  *Compare* 29 U.S.C. § 216(b); *Smith*, 2009 WL 4251017, at *1 *with* Fed. R. Civ. P. 23.  However, those challenges do not alleviate the Court or the parties' responsibility to apply the applicable rules to each set of claims.  For this and the proceeding reasons, the Court, at this time, denies the parties' Settlement Motion, subject to the parties' refiling an updated settlement agreement that either:  (1) includes the proper certification protocol or (2) identifies controlling precedent which indicates that the Court may properly certify a collective or class action pursuant to a state rule of procedure.

It is so ordered this 28 day of August, 2023.

_____
Kristine G. Baker
United States District Judge

4