IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**LAURA TRULLINGER, individually
and on behalf of all others similarly situated**   **PLAINTIFF**

v.                    Case No. 3:22-cv-00137 KGB

**CITY OF JONESBORO, ARKANSAS**               **DEFENDANT**

### ORDER

Before the Court is the parties' joint motion (with incorporated brief) for preliminary approval of class settlement and notice to the settlement class (Dkt. No. 12). For the following reasons, the Court grants the parties' joint motion and gives preliminary approval of the settlement (*Id.*).

This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the parties. Based upon the record before the Court, it appears to the Court that the proposed settlement, the terms of which are set forth in the Settlement Agreement and Release (Dkt. No. 12-1), is within the range of a fair, reasonable, and adequate settlement between the parties under the circumstances of this case. The Court therefore preliminarily approves the Settlement Agreement and Release, which is incorporated by reference in this Order, and directs the parties to perform and satisfy the terms and conditions of the Settlement Agreement and Release that are triggered by such preliminary approval.

The Court finds that, only for purposes of settlement and notice, the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) have been met. The Court therefore provisionally certifies for settlement purposes only the following Settlement Class, defined as:

> The "Settlement Class" or the "Class" consists of all current and former nonexempt hourly-paid employees who worked for defendant City of Jonesboro, Arkansas ("Defendant Jonesboro"), at any time between June 10, 2019, and June 10, 2022,

and who received a shift differential and worked more than 40 hours in any one workweek during that time period who have not otherwise released such claims.

(Dkt. No. 12-1, at 5).[1]  These individuals have been identified in the class lists provided by Defendant Jonesboro to Class Counsel.

Further, the Court finds that the Notice of the Proposed Class Action Settlement and Settlement Hearing, which includes notice and information regarding opting out of settlement, is adequate (Dkt. No. 12-2).  The form and manner of notice proposed in the Settlement Agreement and Release complies with Federal Rules of Civil Procedure 23(c) and (e) and the requirements of due process.

Class Counsel is approved as the Claims Administrator who will provide notice and administer the claims process as proposed in the Settlement Agreement and Release, if it is finally determined to be fair.

Approximately forty (40) days before the Final Fairness Hearing at 11:00 a.m. on November 25, 2024, the Claims Administrator must send by first-class mail the Notice of Proposed Class Action Settlement and Settlement Hearing, which includes notice and information regarding opting out of settlement, to all Class members (Dkt. No. 12-2).  The Notice of Proposed Class Action Settlement and Settlement Hearing, which includes notice and information regarding opting out of settlement and is included with the parties' joint motion, is adequate and is hereby approved (*Id.*).

A Final Fairness Hearing will be conducted at 11:00 a.m., on November 25, 2024, at the United States District Court for the Eastern District of Arkansas, 615 South Main St., Room 312, Jonesboro, Arkansas 72401.  The parties must file motion papers for final approval of all terms of

---

[1] Terms capitalized in this Order and not otherwise defined will have the meanings ascribed to them in the Settlement Agreement and Release between the parties.

the settlement no later than fourteen (14) days before the Final Fairness Hearing. The purpose of the Final Fairness Hearing will be to: (1) determine whether the Settlement Agreement and Release is fair, reasonable, and adequate and should finally be approved, (2) determine whether a Final Approval Order and Judgment should be entered, and (3) consider Class Counsel's application for an award of attorneys' fees and any application for a service award.

The lawyers for the parties are jointly authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the settlement.

The Court retains jurisdiction to consider all further applications arising out of or connected with the settlement and may consider and grant final approval of the settlement, with or without minor modification and without further notice to Settlement Class.

This action is stayed pending a ruling on the settlement at the Final Fairness Hearing.

It is so ordered this 20th day of September, 2024.

_____
Kristine G. Baker
Chief United States District Judge